Case 0:21-cr-60345-WPD Document 1 Entered on FLSD Docket 12/15/2021 Page 1 of 10

FILED by KS D.C.
Dec 15, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60345-CR-DIMITROULEAS/SNOW

18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

VALESKY BAROSY,

    **Defendant.**

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in March 2020 to provide financial assistance to Americans suffering economic harm from the COVID-19 pandemic. One source of relief provided through the CARES Act was the authorization of forgivable loans to businesses for job retention and certain other expenses, through a program called the Paycheck Protection Program (PPP).

2. To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application requires the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized

representative) was required to provide, among other things, its: (a) average monthly payroll expenses; (b) net profit; and/or (c) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses. For sole proprietors, this documentation included their 2019 IRS Form 1040 Schedule C, line 31 net profit.

3. The CARES Act required PPP loan applications to be processed by a participating lender. If a PPP loan application was approved, the participating lender would fund the PPP loan using its own monies, which were guaranteed by the Small Business Administration (SBA). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, were transmitted by the lender to the SBA to process the loan.

4. SBA Loan Processor 1 and SBA Loan Processor 2 (the "SBA Loan Processors") were financial-technology companies based in California.

5. The SBA Loan Processors participated in the PPP by, among other things, acting as a service provider for small businesses and certain lenders. Small businesses seeking a PPP loan could apply through the SBA Loan Processors, which would review the PPP loan applications. If a PPP loan application received was approved for funding, a partner financial institution disbursed the loan funds to the applicant.

6. The partner financial institutions for the SBA Loan Processors were Financial Institution 1 and Financial Institution 2, both of which were federally insured banks headquartered in Salt Lake City, Utah.

7. Applicant 1 was a limited liability company in the assisted living industry registered in the State of Florida.

8. Applicant 2 was a limited liability company in the real estate industry registered in the Commonwealth of Virginia.

9. Applicant 3 was a limited liability company in the health care industry registered in the State of Florida.

10. Defendant **VALESKY BAROSY**, a resident of Broward County, Florida, was the president of VBarosySolutions Inc. (VBS), a corporation registered in the State of Florida.

11. **VALESKY BAROSY** and VBS maintained bank accounts at Bank 1 in Broward County, Florida. Bank 1 was a federally insured financial institution headquartered in New York City, New York.

## COUNTS 1–5
### Wire Fraud
### (18 U.S.C. §1343)

1. Paragraphs 1 through 11 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around May 2020, through in or around June 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**VALESKY BAROSY,**

did knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

It was the purpose of the scheme and artifice for the defendant and his accomplices to unjustly enrich themselves by submitting, and causing others to submit, false and fraudulent PPP loan applications on behalf of **VALESKY BAROSY**, VBS, and other applicants to the SBA Loan Processors and then using the subsequent loan proceeds for their personal use and benefit.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant, **VALESKY BAROSY**, sought to accomplish the scheme and artifice to defraud included, among others, the following:

3. **VALESKY BAROSY** submitted or caused to be submitted to the SBA Loan Processors approximately three PPP loan applications for the benefit of VBS, seeking PPP loans in the approximate amount of $640,000.

4. **VALESKY BAROSY** submitted or caused to be submitted to the SBA Loan Processors PPP loan applications on behalf of other companies, including Applicants 1, 2, and 3, seeking PPP loans in the approximate amount of $3,510,446.

5. In each PPP loan application, **VALESKY BAROSY** falsely and fraudulently inflated VBS' and the named applicant's prior-year expenses, net profit, and payroll. In support, **BAROSY** submitted false and fraudulent IRS forms, which purported to report expenses, net profit, and payroll from the named applicant's corporation, company, or sole proprietorship.

6. As a result of the false and fraudulent PPP loan applications that **VALESKY BAROSY** submitted and caused to be submitted, **BAROSY** and his accomplices received PPP loan funds in the approximate amount of $2,108,654.

7. **VALESKY BAROSY** used the fraudulently obtained funds received from the PPP loan applications for his own personal use and benefit, including the purchase of a Lamborghini convertible, luxury watches, and designer clothing from Louis Vuitton, Gucci, and Chanel.

## USE OF THE WIRES

8. On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**VALESKY BAROSY,**

for the purpose of executing, and in furtherance of, the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false or fraudulent when made, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more specifically described below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | June 9, 2020 | The submission of an electronic PPP loan application on behalf of VBS to SBA Loan Processor 2, causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 2 | June 15, 2020 | The submission of an electronic PPP loan application on behalf of Applicant 1 to SBA Loan Processor 1, causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 3 | June 17, 2020 | The submission of an electronic PPP loan application on behalf of Applicant 2 to SBA Loan Processor 2, causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 4 | June 17, 2020 | The submission of an electronic PPP loan application on behalf of Applicant 3 to SBA Loan Processor 1, causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 5 | June 19, 2020 | The submission of an electronic PPP loan application in the name of "E.T." to SBA Loan Processor 1, causing a wire transmission from the Southern District of Florida to outside the State of Florida |

In violation of Title 18, United States Code, Section 1343 and 2.

## COUNTS 6–8
## Money Laundering
## (18 U.S.C. § 1957)

1.  Paragraphs 1 through 11 of the General Allegations Section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

2.  On or about the dates set forth in each Count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**VALESKY BAROSY,**

did knowingly engage in, and attempt to engage in, a monetary transaction affecting interstate commerce, by, through, and to a financial institution, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, as more specifically described below:

| COUNT | APPROX. DATE | DESCRIPTION OF TRANSACTION |
|---|---|---|
| 6 | June 16, 2020 | Cashier's check withdrawal, in the approximate amount of $60,000 from Defendant's account ending in 5809 at Bank 1, for a down payment on a Lamborghini Huracán Evo |
| 7 | June 18, 2020 | Debit card payment, in the approximate amount of $14,095 from Defendant's account ending in 5809 at Bank 1, for a Rolex watch |
| 8 | June 27, 2020 | Debit card payment, in the approximate amount of $16,056 from Defendant's account ending in 5809 at Bank 1, for a Hublot watch |

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Section 1957.

## COUNT 9
## Aggravated Identity Theft
## (18 U.S.C. § 1028A(a)(1))

On or about June 19, 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**VALESKY BAROSY,**

during and in relation to a felony violation of Title 18, United States Code, Section 1343, that is, wire fraud, as charged in Count 5 of this Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, that is, the name, bank account number, and Social Security number of "E.T.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **VALESKY BAROSY,** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, Section 982(a)(1).

All pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(2)(A), and the procedures set forth at Title 21, United States Code, Section 853 as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

*/s/* JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*/s/* JONATHAN BAILYN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

VALESKY BAROSY,

        Defendant.        /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s) [ ] Yes [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect _____

4. This case will take __7__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days   [ ]
   - II   6 to 10 days   [✓]
   - III   11 to 20 days   [ ]
   - IV   21 to 60 days   [ ]
   - V   61 days and over   [ ]

   (Check only one)
   - Petty [ ]
   - Minor [ ]
   - Misdemeanor [ ]
   - Felony [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Jonathan Bailyn
Assistant United States Attorney
Court ID No.     A5502692

*Penalty Sheet(s) attached                                                           REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

**Defendant's Name:** Valesky Barosy

**Case No:**

Counts #: 1–5

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max. Penalty:** 20 Years' Imprisonment

Counts #: 6–8

Money Laundering

Title 18, United States Code, Section 1957

**\*Max. Penalty:** 10 Years' Imprisonment

Counts #: 9

Aggravated Identity Theft

Title 18, United States Code, Section 1028A(a)(1)

**\*Max. Penalty:** 2 Years' Imprisonment Consecutive to Any Other Sentence

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**