UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60345-SMITH

UNITED STATES OF AMERICA

v.

VALESKY BAROSY,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Valesky Barosy (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On December 15, 2021, a federal grand jury returned an Indictment charging the Defendant Counts 1 – 5 with wire fraud in violation of 18 U.S.C. § 1343, among other counts. Indictment, ECF No. 1. Included in the Indictment were forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1343, as alleged in the Indictment, the Defendant shall forfeit any property constituting, or derived from, proceeds the Defendant obtained directly or indirectly as a result of such violation pursuant to 18 U.S.C. § 982(a)(2)(A).

The United States has since identified the following additional asset directly subject to forfeiture: up to and including $409,890.82 on deposit in account number 000000339195809 at JP Morgan Chase Bank held in the name of VBarosy Solutions, Inc (the "JPMC Account"). *See* Protective Order for Asset Subject to Forfeiture, ECF No. 20; Bill of Particulars, ECF No. 28.

On December 12, 2022, after a trial, a jury returned a verdict convicting the Defendant on

all counts.  *See* Trial Minute Entries, ECF No. 71, 72, 73, 75, 76, 77; Jury Verdict, ECF No. 79.

Defendant was convicted of conducting a wire fraud scheme in which the Defendant applied for Paycheck Protection Program Loans on behalf of himself and others, which contained materially false information.  *See* Indictment, ECF No. 1; Jury Verdict, ECF No.  Admitted into evidence was Government's Exhibit SE3, which summarized relevant information contained in the fraudulent loan applications the Defendant submitted.  *See* Attachment 1 (Admitted Government's Exhibit SE3).  Below is a summary of information regarding loans that were approved by the loan processors:

| Applicant | Loan Processor | Submission Date | IP Address Registrant | Exhibit | Loan Disbursement |
|---|---|---|---|---|---|
| Healthy Life Style Champions | Bluevine | 05/23/2020 | Defendant | BV-12 | $80,000.00 |
| Defendant | PayPal | 05/28/2020 | Defendant | PP-1 | $20,832.00 |
| Franckel Jeanrisca | Bluevine | 05/29/202 | Defendant | BV-11 | $20,833.00 |
| Mackendy Talon | Bluevine | 06/01/2020 | Defendant | BV-15 | $20,833.00 |
| Vbarosy Solutions | PayPal | 06/08/2020 | SmartTax LLC | PP-2 | $220,000.00 |
| Donise Dorante | Bluevine | 06/10/2020 | Defendant | BV-7 | $20,827.00 |
| Pimp News LLC | Bluevine | 06/10/2020 | Defendant | BV-19 | $198,825.00 |
| AJK Auto Sales | Bluevine | 06/10/2020 | Defendant | BV-2 | $225,000.00 |
| Daphney Belhomme | Bluevine | 06/14/2020 | Defendant | BV-6 | $20,832.00 |
| Vitality Star Resort ALF LLC | Bluevine | 06/15/2020 | Defendant | BV-26 | $203,750.00 |
| Jeanpierre Francisque | Bluevine | 06/16/2020 | Defendant | BV-13 | $20,812.00 |
| Metropolis of Pennsylvania Limited | PayPal | 06/17/2020 | Defendant | PP-4 | $223,142.00 |
| Falone Mama-Jules | Bluevine | 06/17/2020 | Defendant | BV-10 | $20,832.00 |
| Sebastien Charles Anesthesia Services LLC | Bluevine | 06/17/2020 | Defendant | BV-21 | $226,445.00 |
| Beersheba Adventist Church | Bluevine | 06/17/2020 | Defendant | BV-2 | $261,675.00 |
| Caris Construction | Bluevine | 06/18/2020 | Defendant | BV-4 | $261,520.00 |
| Eddy Toussaint | Bluevine | 06/19/2020 | Defendant | BV-8 | $20,832.00 |
| Evens Moreau | Bluevine | 06/20/2020 | Defendant | BV-9 | $20,832.00 |

|  | TOTAL | $2,087,822.00 |
|---|---|---|

As documented above, in total, approximately $2,087,822.00 in fraudulent loan disbursements were made as a result of fraudulent PPP loan applications submitted by the Defendant.

As discussed in the attached declaration of Contract Fraud Investigator Stewart, law enforcement was able to trace both PPP loan disbursements as well as payments from loan applicants above to the Defendant into the JPMC Account. *See* Decl. (Attachment 2). The JPMC Account also contained deposits from other sources. *Id*. Thus, law enforcement reviewed the the JPMC Account using the Lowest Intermediate Balance Rule ("LIBR").[1]  *Id*. Based upon that review, law enforcement determined that up to and including $409,890.82 on deposit in the JPMC Account represented the proceeds of the fraudulent PPP loan scheme described above. *Id*. The ending balance of the JPMC Account was $462,871.54. *Id*.

Based on the record in this case, the total value of the proceeds traceable to the offenses of conviction is $2,087,822.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

In addition, also based on the record in this case, the following specific property is directly subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(2)(A): up to and including $409,890.82 on deposit in account number 000000339195809 at JP Morgan Chase Bank held in the name of VBarosy Solutions, Inc.

The United States has also not been able to locate all of the directly forfeitable property. It is the conclusion of Contract Fraud Investigator Stewart that other directly forfeitable property

---

[1] This is an accounting method for tracing funds through an account, which assumes that criminal proceeds remain on deposit in an account until all other sources of funds have been withdrawn from the account.

cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See* Decl. (Attachment 2). Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy the forfeiture money judgment: all funds remaining on deposit in account number 000000339195809 at JP Morgan Chase Bank.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $2,087,822.00 is hereby entered against the Defendant.

2. Pursuant to 18 U.S.C. § 982(a)(2)(A), 21 U.S.C. § 853, the following specific property is hereby forfeited and vested in the United States of America: up to and including $409,890.82 on deposit in account number 000000339195809 at JP Morgan Chase Bank held in the name of VBarosy Solutions, Inc.

3. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America: all funds remaining on deposit in account number 000000339195809 at JP Morgan Chase Bank held in the name of VBarosy Solutions, Inc.

4. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

5. The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

6. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

7. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

8. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of March, 2023.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE